**E-Filed 5/5/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY APPLING,<br><br>             Plaintiff,<br><br>    v.<br><br>WACHOVIA MORTGAGE, FSB, a Federal Savings Bank; WORLD SAVINGS BANK, FA, a Federal Savings Bank; WELLS FARGO BANK, NA, a National Bank Association member; IQ HOME LOANS AND REALTY CORPORATION, a California corporation; ALI MIRZAEI and WILLIAM CHEN,<br><br>             Defendants. | Case Number C 10-01900 JF (PVT)<br><br>**ORDER[1] GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION** |

    Plaintiff seeks a temporary restraining order ("TRO") and a preliminary injunction to prevent Defendants from taking actions that would be adverse to Plaintiff's interest in the subject real property. The Court has considered the moving papers, declarations, and the exhibits presented by Plaintiff's counsel. For the reasons discussed below, the application for a TRO will be granted. A hearing on Plaintiff's motion for a preliminary injunction will be set for

---

[1] This disposition is not designated for publication in the official reports.

May 14, 2010 at 9:00A.M.

## I. BACKGROUND

On May 3, 2010, Plaintiff Terry Appling ("Plaintiff") filed the instant action against Wachovia Mortgage, FSB ("Wachovia"), World Savings Bank, FA ("World Savings"), Wells Fargo, NA ("Wells Fargo"), IQ Home Loans and Realty Corporation ("IQ"), Ali Mirzaei ("Mirzaei"), and William Chen ("Chen") (collectively, "Defendants"). The dispute arises out of a mortgage transaction in which Defendants allegedly violated, among other things, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 ("UCL"), and California Civ. Code § 2924.

Plaintiff owns real property located at 175 N. Sunnyvale Avenue, Sunnyvale, CA 94086 (the "Subject Property"). Complaint ¶ 7. In or about September 2007, Plaintiff contacted IQ to refinance the Subject Property. Complaint ¶ 33. Plaintiff entered into a loan (the "Loan") that was originated by World Savings and secured by the Subject Property. Complaint ¶¶ 36-37.[2] The loan documents allegedly were misleading. Complaint ¶¶ 22-30. As a condition of the Loan, Plaintiff entered into a Holdback Agreement with World Savings. Complaint ¶ 77. Plaintiff deposited $9,915.00 with World Savings in a non-interest bearing account. Plaintiff's Decl. Ex. 1 ¶ 1. The funds were to be used to pay for certain work on the property. *Id.* at ¶ 2. However, the work was never performed, and the funds were not returned to Plaintiff. Complaint ¶¶ 78, 80. At some point, Plaintiff apparently defaulted on the Loan, and Defendants served a notice of default and a notice of trustee's sale. Complaint ¶ 81. The notice of default included an alleged amount owed by Plaintiff to Defendants, but Wachovia apparently did not credit the Holdback funds against this amount. *Id.* A trustee's sale of the Subject Property is scheduled for May 6, 2010. Plaintiff's Mot. at 1:14-15.

On May 3, 2010, Plaintiff filed the instant application for a TRO and motion for a preliminary injunction to prevent the trustee's sale. On the same day, Plaintiff's counsel faxed copies of the complaint and the moving papers to Wachovia. Spanner Decl. ¶ 6. Wachovia has

---

[2] Wachovia was formerly known as World Savings. Complaint ¶ 8.

not appeared in the instant case or otherwise responded to the motion. Plaintiff and Wachovia have been negotiating loan modifications for the past three weeks. Spanner Decl. ¶ 2. Plaintiff's counsel believed that the trustee's sale had been put on hold during that time. *Id.* As recently as April 11, 2010, Wachovia requested documentation in connection with Plaintiff's requests for a modification. Spanner Decl. ¶ 4. Plaintiff's counsel explains that he first learned on Friday, April 30, 2010 that the trustee's sale had been scheduled for May 6, 2010. Spanner Decl. ¶ 5. The instant application and motion were filed on the morning of Monday, May 3, 2010.

## II. LEGAL STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374)). The issuance of a preliminary injunction is committed to the discretion of the District Court. *Indep. Living Ctr.*, 572 F.3d at 651.

Plaintiff argues that a TRO also is appropriate at this early stage in the litigation when a plaintiff can raise "serious questions" going to the merits, even without a showing of likelihood of success. Before the Supreme Court's decision in *Winter*, the Ninth Circuit had held that:

> "[a] preliminary injunction is appropriate when a plaintiff demonstrates either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor. [citation] These two options represent extremes on a single continuum: the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor."

3

1  *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). In *Winter*, the Supreme Court
2  expressly disapproved the "possibility standard" because it was "too lenient". *Winter*, 129 S. Ct.
3  at 375. Following *Winter*, the Ninth Circuit found that "[t]he [Supreme] Court succinctly stated
4  the rule to be as follows: 'A plaintiff seeking a preliminary injunction must establish that he is
5  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
6  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
7  public interest.' [*Winter*,] 129 S. Ct. at 374. To the extent that our cases have suggested a lesser
8  standard, they are no longer controlling, or even viable." *American Trucking Ass'ns v. City of
9  Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

10  *Winter* requires a showing of the likelihood of success on the merits, while the second
11  prong of the *McNair* standard would require a showing of only a "serious question going to the
12  merits", something less than a showing of likelihood. Plaintiff cites post-*American Trucking*
13  decisions that do appear to apply a lesser standard. *See Habeas Corpus Res. Ctr. v. United
14  States DOJ*, No. C 08-2649 CW, 2009 U.S. Dist. LEXIS 7562, *11 (N.D. Cal. Jan. 20, 2009)
15  (quoting *Indep. Living Ctr. of S. Cal., Inc. v. Shewry*, 543 F.3d 1047, 1049 (9th Cir. 2008)
16  ("When the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be
17  granted if the plaintiff raises questions 'serious enough to require litigation.'"); *Inspection
18  Mgmt. Sys. v. Open Door Inspections, Inc.*, 2009 U.S. Dist. LEXIS 23524, *8-9 (E.D. Cal. Mar.
19  26, 2009) (citing Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998)) (" These two
20  alternatives represent two points on a sliding scale, pursuant to which the required degree of
21  irreparable harm increases or decreases in inverse correlation to the probability of success on the
22  merits."); and *Save Strawberry Canyon v. Dept. of Energy*, No. C 08-03494 WHA, 2009 WL
23  1098888, *3 (N.D. Cal. April 22, 2009) (concluding that *American Trucking* did not foreclose
24  the traditional pre-*Winter* sliding-scale approach). *See Greater Yellowstone Coalition v.
25  Timchak*, 323 Fed. Appx. 512, 514 (9th Cir. 2009) (remanding a case with "serious questions"
26  on the merits so that the district court could properly consider irreparable harm).
27  However, the Ninth Circuit subsequently reiterated that "'[t]o the extent that our cases
28

4

have suggested a lesser standard, they are no longer controlling, or even viable.' [citation] . . . The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans*, 586 F.3d at 1127 (internal citations omitted).[3]

### III. DISCUSSION

**A.    Likelihood of success on the merits**

In order to be granted a TRO, Plaintiff must show that he is likely to succeed on the merits of a claim that would entitle him to the equitable remedy that he seeks. Plaintiff's complaint alleges several claims for relief. Plaintiff focuses on four of them in his TRO application: TILA violations, UCL violations, conversion, and wrongful foreclosure. The Court concludes that Plaintiff's showing with respect to the wrongful foreclosure claim is dispositive.

"The procedure for foreclosing on security by a trustee's sale pursuant to a deed of trust is set forth in Civil Code section 2924 *et seq*. The statutory requirements must be strictly complied with, and a trustee's sale based on a statutorily deficient notice of default is invalid." *Miller v. Cote*, 127 Cal. App. 3d 888, 894 (Cal. Ct. App. 1982). Cal. Civ. Code § 2924(c) requires that a notice of default include the amount of the past due payments that are owed. Plaintiff contends that the notice of default is inaccurate because Wachovia failed to apply the unreturned Holdback funds to the amount past due.

The Holdback Agreement provides that "If Borrower should fail to fulfill any of the terms or conditions of the Note, the Security Instrument, or this Holdback Agreement, Lender may declare the entire balance of principal and interest on the loan immediately due and payable and may apply any amount remaining in the Holdback Funds to such balance in accordance with the provisions in the Security Instrument." Plaintiffs Decl. Ex. 1 ¶ 6. Plaintiff alleges that he deposited $9,915.00 into the Holdback account and that the funds were not otherwise expended

---

[3] As discussed below, Plaintiff has demonstrated a likelihood of success on the merits with respect to at least one of his claims. Accordingly, the Court need not decide whether the sliding-scale approach remains viable within this circuit.

5
Case Number C 10-1900 JF
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.
(JFEX1)

or returned. Complaint ¶¶ 78-80. If this is true, Wachovia should have applied the funds to the amount that is past due. *See System Inv. Corp. v. Union Bank*, 21 Cal. App. 3d 137, 154 (Cal. App. 2d Dist. 1971) (concluding that when interest was past due on a note, a bank was required to apply the undisbursed funds from another loan to the amount of interest that was due). If the amount past due listed in the notice of default is inaccurate, the notice is not valid. A trustee, mortgagee, or beneficiary, or any of their authorized agents, cannot hold a trustee sale until a valid notice of default is recorded. Cal. Civ. Code. § 2924(a)(1). Accordingly, Plaintiff has demonstrated a likelihood of success on the merits with respect to his wrongful foreclosure claim.

**B.     Irreparable harm**

Unless a TRO issues, the Subject Property will be sold on May 6, 2010. Real property is unique, and therefore damages are inadequate to remedy the loss of such property. *See Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (finding that "[s]ince the property at issue is unique, Sundance's legal remedy – i.e., damages – is inadequate. Sundance's complaint therefore meets the equitable criteria for stating a cause of action for injunctive relief."). Even if a "trustee's sale based on a statutorily deficient notice of default is invalid", *Miller*, 127 Cal. App. 3d at 894, failure to comply with Section 2924 does not affect the validity of a sale in favor of a bona fide purchaser when the deed of sale recites compliance with the law. Cal. Civ. Code § 2924(c). Thus, if the trustee's sale is not enjoined, Plaintiff is likely to be harmed irreparably by the sale.

**C.     Balance of hardships**

Absent injunctive relief, Plaintiff's home will be sold at a trustee's sale. At the same time, Defendants would continue to suffer unmitigated economic losses on their loan to Plaintiff. The balance of equities tips in favor of Plaintiff because the Loan remains secured by the Subject Property.

**D.     Public interest**

Enjoining a valid trustee's sale would not be in the public interest. Plaintiff appears to be in arrears on the Loan, and the contract between Plaintiff and Defendants, which created a

security interest in the Subject Property, should not be disregarded lightly by the Court. However, by its enactment of Cal. Civ. Code § 2924, the legislature has expressed a strong public interest in avoiding an invalid trustee's sale.

**D.     Bond**

"[Federal Rule of Civil Procedure] 65(c) invests the district court with discretion as to the amount of security required, if any." *Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003). Plaintiff requests that the Court not require a bond. *See id.* (noting that "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."). Defendants have a security interest in the Subject Property, and it appears unlikely that Plaintiff would cause or permit harm to his own home. If Plaintiff does not prevail on the merits, Defendants still will have the opportunity to sell the Subject Property. Accordingly, no bond will be required at this time.

### IV. Conclusion

Pending the hearing on Plaintiff's motion for a preliminary injunction and further order of the Court, Defendants are hereby temporarily enjoined and restrained from selling, transferring, conveying, or foreclosing on the Subject Property pending further order of the Court. A hearing on Plaintiff's motion for injunctive relief is hereby scheduled for Friday, May 14, 2010 at 9:00 A.M.

**IT IS SO ORDERED.**

DATED:  5/5/ 2010

_____
JEREMY FOGEL
United States District Judge