TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE, SUITE 132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 324-0178
email - ras@techtriallaw.com

Attorney for Plaintiff
TERRY APPLING

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY APPLING, | CASE NO.  CV 10-01900 LHK |
| Plaintiff, | |
| v. | |
| WACHOVIA MORTGAGE, FSB, *et. al.* | |
| Defendants. | **FIRST AMENDED COMPLAINT** |

Plaintiff TERRY APPLING (hereinafter "Plaintiff"), by and through his counsel, for his First Amended Complaint against Defendants WACHOVIA MORTGAGE, FSB, WORLD SAVINGS BANK, FA, and WELLS FARGO BANK, NA, ETS SERVICES, LLC, IQ HOME LOANS AND REALTY CORPORATION, ALI MIRZAEI and WILLIAM CHEN (collectively hereinafter "Defendants"), alleges as follows:

**PARTIES**

1.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1640(e).  This is an action asserting violations of the Truth In Lending Act ("TILA") and Regulation Z (12 C.F.R. §226, *et seq.*), as well as additional claims under California State Law.  These claims all arise out of the same controversy and sequence of events.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) in that one or more of the Defendants reside in this judicial district and all defendants reside in the State of California and 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. This Court has personal jurisdiction over the parties as all Defendants engage, or did at all times relevant herein regularly engage, in business within the State of California and the Northern District, or did at the relevant times set forth in this Complaint, and the acts complained of herein all occurred within this District.

4. Defendants, and each of them, regularly engage, or did engage at all relevant times, in business in the State of California and regularly provided loans or loan services to residents of the State of California and this District who wished to obtain a mortgage loan

**INTRADISTRICT ASSIGNMENT**

5. Assignment to the San Jose Division is proper pursuant to Civ. L.R. 3-2(c) and (d) because a substantial part of the events or omissions giving rise to the claim occurred in Santa Clara County.

**PARTIES**

6. Plaintiff TERRY APPLING is a resident of Sunnyvale, Santa Clara County, California. He was the owner of the property located at 175 N. Sunnyvale Avenue, Sunnyvale, CA 94086 (the "Property") .

7. Defendant WACHOVIA MORTGAGE, FSB ("WACHOVIA") is a national federal savings bank. On information and belief, it was formerly known as WORLD SAVINGS.

8. Defendant WORLD SAVINGS BANK, FSB was, on information and belief, a Federally Chartered bank with branches located throughout California, including Los Angeles.

9. Defendant WORLD SAVINGS BANK is the originating lender of the promissory note and mortgage at issue in this matter and is believed to have been engaged in the business of regularly extending or offering to extend consumer credit for which a finance charge is imposed

or which by written agreement is payable in more than four installments.

10. Defendant WACHOVIA is believed to be engaged in the business of regularly extending or offering to extend consumer credit for which a finance charge is imposed or which by written agreement is payable in more than four installments, and servicing of loan obligations. It was the successor in interest of WORLD SAVINGS.

11. Defendant WELLS FARGO BANK is a nationally chartered bank with branches located throughout California, including Santa Clara County, California.  On information and belief, it acquired WACHOVIA in or about 2009.

12. On or about November 5, 2007 Plaintiff entered into an Fixed Rate Mortgage Note Pick-A-Payment Loan agreement ("Loan") with Defendants to refinance an existing loan. The Loan was secured by Plaintiffs' primary residence.  The principal amount of the Loan was $425,750.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TRUTH IN LENDING ACT**
**15 U.S.C. § 1601 et seq.**
**(Against the  Bank Defendants)**

13. Plaintiff realleges and incorporates Paragraphs 1 through 12 above.

14. The subject matter of this action is a negatively-amortizing loan – a loan whose principal grows over time because the payments provided for under the loan do not even cover accruing interest.

15. The Federal Reserve Board (FSB) has adopted regulations under the Truth in Lending Act ("TILA")  regarding such loans, which comprehensively regulate their content. These regulations were systematically violated by the terms of Plaintiff's loan, as set forth below.

**VIOLATIONS OF FSB REGULATIONS**

**Failure to Disclose that the Payment Schedule was not Based on the APR**

16. 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 require the lender to make disclosures concerning the annual interest rate and payments in a clear and conspicuous manner. Further, a

misleading disclosure is as much a violation of TILA as a failure to disclose at all.

17. The loan terms violated 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 in that they failed to clearly and conspicuously disclose the annual interest rate upon which the payments listed in the Truth in Lending Disclosure Statement were based.

**Failure to Disclose the Certainty of Negative Amortization**

18. The FRB regulations require disclosure of the fact of negative amortization. Where the amount by which payments can increase are capped in the loan, the lender must fully disclose the rules relating to the cap, such as the fact that negative amortization will occur and that the principal will increase (12 C.F.R. §226.19).

19. The lender stated in the Note and accompanying disclosures that negative amortization was a mere possibility. Defendant concealed and failed to disclose the fact that the loan terms *guaranteed* negative amortization if the payment schedule set forth in the TILA Disclosure Statement were followed.

20. The foregoing information was objectively material and necessary for consumers to make an informed decision because this information, if properly disclosed, would have revealed that the loan's principal balance would increase if the payment schedule was followed, thereby reducing their equity in their home and also rendering it impossible to refinance the loan (for want of adequate equity). While the Note states the amount of Plaintiff's initial monthly payments, the initial monthly *payment* amount stated in the Note is not related to the actual amount accruing under the interest rate and payment cap identified in the Note and Disclosure Statement.

21. Because of these violations, Defendants are liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. §1640(a).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That judgment be entered in his favor and against Defendants, and each of them;
2. For twice the finance charges;
3. For attorneys' fees; and
4. For such other and further relief as the Court deems just and appropriate.

DATED: Sept. 30, 2010

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorney for Plaintiff
TERRY APPLING

_____
Robert A. Spanner