UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRY APPLING,<br><br>                Plaintiff,<br>    v.<br><br>WACHOVIA MORTGAGE, FSB, a Federal Savings Bank; WORLD SAVING BANK, FA, a Federal Savings Bank; WELLS FARGO BANK, NA, a National Banking Association member; IQ HOME LOANS AND REALTY CORPORATION, a California Corporation; ALI MIRZAEI and WILLIAM CHEN,<br><br>                Defendants. | Case No.: 10-CV-01900-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |

Defendants Wachovia Mortgage (formerly known as World Savings Bank, FSB, and Wachovia Mortgage, FSB, now a division of Wells Fargo Bank, NA) and Wells Fargo Bank, NA, move to dismiss Plaintiff's complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument and vacates the motion hearing and case management conference scheduled for February 10, 2011. Having considered the submissions of the parties and the relevant law, the Court grants the motion to dismiss with prejudice. The Court also dismisses this action, without prejudice, as to Defendants IQ Home Loans and Realty Corporation, Ali Mirzaei, and William Chen.

## I. Background

### A. Procedural History

On May 3, 2010, Plaintiff filed the instant action against Wachovia Mortgage, FSB ("Wachovia"), World Savings Bank, FA ("World Savings"), Wells Fargo Bank, NA ("Wells Fargo"), IQ Home Loans and Realty Corporation ("IQ"), Ali Mirzaei, and William Chen.[1] Plaintiff's original complaint alleged eight causes of action: (1) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; (2) negligent misrepresentation; (3) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; (4) breach of fiduciary duty; (5) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200, et seq.; (6) conversion; (7) breach of contract; and (8) wrongful foreclosure. Also on May 3, 2010, Plaintiff filed an application for a temporary restraining order ("TRO") and a motion for a preliminary injunction to enjoin the sale of his home pending the resolution of this case. Pl.'s Appl. for TRO and Mot. for Prelim. Inj. (TRO Appl.) 1, ECF No. 3. The Court granted the TRO, Order Granting Appl. for TRO and Setting Hearing on Preliminary Injunction, ECF No. 9, but subsequently denied Plaintiff's motion for a preliminary injunction. *Appling v. Wachovia Mortgage, FSB*, No. C 10-01900, 2010 WL 2354138 (N.D. Cal. June 9, 2010).

Defendants Wachovia and Wells Fargo then moved to dismiss the entire action. On September 17, 2010, the Court granted Defendants' motion in part and dismissed all of Plaintiff's claims against Wachovia and Wells Fargo with prejudice, except for his TILA cause of action. Order Granting in Part and Denying in Part Defendants' Mot. to Dismiss, ECF No. 37. Defendants had challenged Plaintiff's TILA claims only on statute of limitations grounds. Because the Court found that equitable tolling of the statute of limitations appeared to be a possibility, the Court denied Defendants' motion as to one basis for Plaintiff's TILA claim and granted leave to amend to allege grounds for equitable tolling as to the other basis. On October 1, 2010, Plaintiff filed a First

---

[1] As noted in the Court's prior order, World Savings, the originator of Plaintiff's loan, was renamed Wachovia Mortgage, and Wachovia Mortgage is now a division of Wells Fargo. Only the moving Defendants Wachovia and Wells Fargo ("the Bank Defendants") have appeared in this action. There is no indication that IQ, Ali Mirzaei, and William Chen (collectively, "the IQ Defendants") have been served. Thus, all references in this Order to "Defendants" refer only to Wachovia and Wells Fargo, unless otherwise specified.

1  Amended Complaint ("FAC") that includes a single cause of action for TILA violations.

2  Defendants now move to dismiss this claim, and the entire action, pursuant to Rule 12(b)(6).

### B. Factual History

At the time Plaintiff initiated this action, he owned real property located at 175 N. Sunnyvale Avenue, Sunnyvale, CA 94086 (the "Property"). FAC ¶ 6. On or about November 5, 2007, Plaintiff entered into a fixed-rate "pick-a-payment" loan originated by World Savings and secured by the Property. FAC ¶ 12. During the duration of the loan, Plaintiff could choose among four payment options each month, including: 1) a payment covering enough interest and principal to pay off the loan within its scheduled 30-year term; 2) a payment covering interest only; 3) a minimum payment representing the smallest payment permitted, which may not be sufficient to cover the interest due on the loan; and 4) a payment covering enough interest and principal to pay off the loan within 15 years. Decl. of Terry Appling in Supp. of Appl. for TRO and Mot. for Prelim. Inj. (TRO Decl.) Ex. 3, ECF No. 4.[2] The minimum payment amount is subject to change every twelve months on the "payment change date." TRO Decl. Ex. 4. If the borrower makes minimum payments less than the interest owing on the loan, any unpaid interest is deferred and added to the principal. TRO Decl. Ex. 3. If this happens, then on the payment change date, the minimum payment is increased to the amount necessary to pay the principal and interest by the maturity date of the loan (subject to a payment cap that limits the amount by which the monthly payments can be increased, but which is overridden if the principal balance exceeds 125 percent of the original loan amount). TRO Decl. Ex. 4.

---

[2] In its prior order, the Court took judicial notice of the loan documents and disclosure statements that Plaintiff provided in connection with his motion for temporary restraining order and preliminary injunction. Order Granting in Part and Denying in Part Defendants' Mot. to Dismiss 6, ECF No. 37. Defendants now request judicial notice of a Truth in Lending Disclosure Statement ("TILDS") and Deferred Interest Acknowledgement signed by Plaintiff. Request for Judicial Notice ("RJN") in Supp. of Def.'s Mot. to Dismiss FAC, ECF No. 41. These documents are slightly different from the TILDS and Deferred Interest Acknowledgement provided by Plaintiff with his TRO application. Unlike the disclosure statements provided by Plaintiff, however, these documents contain Plaintiff's signature and include payment dates and amounts that match the terms of the Note. As Plaintiff has not objected to Defendant's request for judicial notice and the FAC refers to these documents, FAC ¶¶ 17, 19, the Court grants Defendants' request for judicial notice of the TILDS and Deferred Interest Acknowledgement documents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (internal quotation marks omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

3

Case No.: 10-CV-01900-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    Plaintiff alleges that the loan documents describing these terms were misleading and did not clearly and conspicuously disclose the certain aspects of the loan, in violation of TILA and the regulations thereunder.  First, Plaintiff alleges that the loan documents did not clearly and conspicuously disclose the annual interest rate upon which the payments listed in Plaintiff's Truth in Lending Disclosure Statement ("TILDS") were based.  FAC ¶¶ 16-17.  Second, Plaintiff alleges that the loan documents did not clearly and conspicuously disclose the certainty that negative amortization (deferred interest) would occur if Plaintiff followed the payment schedule set forth in the TILDS accompanying the loan documents.  FAC ¶¶ 18-20.  Plaintiff no longer resides at the property at issue in this case, and he now seeks only monetary damages for these alleged TILA violations.  FAC at 5.

**II.  Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. Discussion

Plaintiff's First Amended Complaint contains a single cause of action alleging two violations of regulations promulgated under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638. First, Plaintiff claims that Defendants violated 12 C.F.R. § 226.17 and 12 C.F.R. § 226.19 by failing to clearly and conspicuously disclose the annual interest rate upon which the payments listed in the Truth in Lending Disclosure Statement were based. FAC ¶¶ 16-17. In its prior order, the Court found that this claim appeared to be barred by the one-year statute of limitations applicable to TILA damages claims. The Court noted that the alleged discrepancies between the interest rate disclosed in the Truth in Lending Disclosure Statement ("TILDS") and the interest rate disclosed in the Note were evident from the face of the loan documents, and therefore it appeared that equitable tolling would not apply. The Court thus dismissed this portion of Plaintiff's TILA claim, but granted leave to amend to allege plausible grounds for equitable tolling. Plaintiff has not attempted to allege grounds for equitable tolling in his amended complaint. Accordingly, the Court assumes that no grounds for equitable tolling exist, and this portion of Plaintiff's TILA claim is time-barred.

Second, Plaintiff claims that Defendants violated 12 C.F.R. § 226.19 by failing to clearly and conspicuously disclose the fact that negative amortization was certain to occur if Plaintiff followed the payment schedule set forth in the TILDS. FAC ¶¶ 18-19. In its prior order, the Court found that equitable tolling might apply to this claim, but did not reach the merits of the alleged TILA violation. Defendants now argue that Plaintiff cannot state a TILA claim on this basis, and the Court agrees.

Under 12 C.F.R. § 226.19(b), loan documents must disclose "[a]ny rules relating to changes in the index, interest rate, payment amount, and outstanding loan balance including, for example, an explanation of . . . negative amortization . . . ." 12 C.F.R. § 226.19(b)(2)(vii). The official commentary to the regulation provides further guidance:

> If a consumer is given the option to cap monthly payments that may result in negative amortization, the creditor must fully disclose the rules relating to the option, including the effects of exercising the option (such as negative amortization will occur and the principal loan balance will increase) . . . .

5
Case No.: 10-CV-01900-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

12 C.F.R. Pt. 226, Suppl. I ¶ 19(b)(2)(vii)-2. As Plaintiff correctly points out, California district courts have considered the disclosures required under § 226.19(b)(vii) in the context of adjustable rate mortgages. In cases where negative amortization was certain to occur if the plaintiff followed the payment schedule set forth in the TILDS, these courts have found that disclosing only the *possibility* of negative amortization may not be sufficient. *See, e.g.*, *Romero v. Countrywide Bank, N.A.*, No. C 07-4491, 2010 WL 2985539, at *6 (N.D. Cal. July 27, 2010); *Ralston v. Mortg. Investors Group, Inc.*, No. C 08-536, 2009 WL 688858, at *5-6 (N.D. Cal. Mar. 16, 2009); *Amparan v. Plaza Home Mortg., Inc.*, 678 F.Supp. 2d 961, 972 (N.D. Cal. 2008). As in these cases, the loan documents and TILDS provided to Plaintiff disclosed the possibility of negative amortization and explained, in the abstract, when negative amortization occurs, but did not explicitly disclose that if Plaintiff followed the payment schedule set forth in the TILDS, negative amortization was certain to occur. RJN Ex. 2; TRO Decl. Ex. 3; *id.* Ex. 4 at 2. The Court thus agrees with Plaintiff that, in this respect, his claim is quite similar those sustained by other courts in this District.

The trouble for Plaintiff, however, is that the loan in this case involved a fixed interest rate. FAC ¶ 12. By its terms, 12 C.F.R. § 226.19(b) applies only to mortgages with variable interest rates.[3] The subsection begins: "If the annual percentage rate may increase after consummation in a transaction secured by the consumer's principal dwelling with a term greater than one year, the following disclosures must be provided . . . ." 12 C.F.R. § 226.19(b). The official commentary describes the coverage of § 226.19(b) as follows: "Section 226.19(b) applies to all closed-end variable-rate transactions that are secured by the consumer's principal dwelling and have a term greater than one year." 12 C.F.R. Pt. 226, Suppl. I ¶ 19(b)-1; *see also id.* ¶ 19(b)-5 (providing examples of variable rate transactions covered by § 226.19(b)). Indeed, it appears that the Federal

---

[3] Plaintiff points out that Defendants could have, but did not, raise this argument in their prior motion to dismiss, and argues that by raising this issue now, Defendants are essentially asking the Court to reconsider its prior ruling. While it would have been preferable for Defendants to raise this issue earlier, the Court has not yet had the opportunity to rule on the merits of Plaintiff's TILA claim, as its prior order was limited to statute of limitations issues. Thus, to the extent that Defendants' argument goes to the substantive merits of Plaintiff's claim, Defendants cannot be said to seek reconsideration of a prior ruling. However, as Defendants have not formally moved for reconsideration, the Court will not reconsider its prior statute of limitations ruling.

6
Case No.: 10-CV-01900-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1  Reserve Board promulgated the disclosure requirements in § 229.19(b) to address concerns
2  specifically related to adjustable rate mortgages and to ensure that creditors were subject to
3  uniform disclosure requirements for mortgages with variable interest rates.  Variable-Rate
4  Disclosure Under Regulation Z, 52 Fed. Reg. 48665-01, 48665, 1987 WL 144603 (Dec. 24, 1987).
5  Nothing in the regulation, the official commentary, or the agency background materials indicates
6  that § 226.19(b) applies to fixed-rate mortgages, and Plaintiff has not provided any authority
7  suggesting otherwise.[4]  *Cf. Mandrigues v. World Savings, Inc.*, , 2009 WL 160213, at *5 (N.D.Cal.
8  Jan. 20, 2009) ("Courts have explained that *when a loan contains a variable rate feature*, TILA
9  mandates two sets of disclosures: those set forth in 12 C.F.R. § 226.19(b)(1)-(2), which require
10 disclosures with respect to negative amortization, and those set forth in 226.18(f)(2) . . . .")
11 (emphasis added).  Accordingly, the Court concludes that the disclosure requirements under §
12 226.19(b) do not apply to Plaintiff's mortgage, and Plaintiff therefore cannot state a claim for
13 violations of this regulation.
14      The Court has concluded that Plaintiff cannot state a claim for TILA violations based on
15 either ground alleged in the FAC.  The Court therefore GRANTS Defendants' motion to dismiss.
16 Moreover, because it appears that Plaintiff cannot allege additional facts that would either establish
17 a basis for equitable tolling or bring his fixed-rate mortgage under the coverage of § 226.19(b), the
18 Court finds that granting further leave to amend would be futile.  Accordingly, the Court dismisses
19 this action with prejudice as to Defendants Wachovia, World Savings Bank, and Wells Fargo.
20  **IV. Dismissal of the IQ Defendants**
21      As previously noted, only the moving Defendants Wachovia (formerly World Savings
22 Bank) and Wells Fargo have appeared in this action.  Plaintiff's original Complaint also named

---

[4] Plaintiff argues that there is no reason why the law regarding negative amortization should be any different for fixed-rate mortgages with variable payments and payment caps.  It appears that Congress and the Federal Reserve Board have recently come to a similar conclusion.  In 2010, the Federal Reserve Board issued an interim rule pursuant to the Mortgage Disclosure Improvement Act ("MDIA") of 2008 that requires additional disclosures for loans that provide for minimum payments that will result in negative amortization.  *See* Regulation Z, 75 FR 58470-01, 58470, 58477-78, 2010 WL 3712601 (Sept. 24, 2010) (codified at 12 C.F.R. §§ 226.17, 226.18); 12 C.F.R. § 226.18(s)(4); 15 U.S.C. § 1638(b)(2)(C); 15 U.S.C. § 1639c(f).  Unfortunately, this does not help Plaintiff, as he entered into his loan in 2007, before either the MDIA or the amendments to § 226.18 took effect.

7

Case No.: 10-CV-01900-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Defendants IQ Home Loans and Realty Corporation, Ali Mirzaei, and William Chen (collectively, "the IQ Defendants"). There is no indication that the IQ Defendants have been served in the more than 9 months since this action was initiated on May 3, 2010. Although the Court raised this issue at the Case Management Conference held on September 16, 2010, Plaintiff has taken no action to prosecute this case against the IQ Defendants. Indeed, although Plaintiff's Amended Complaint names the IQ Defendants in the preamble paragraph, FAC at 1, it does not include them in the section describing the parties, FAC ¶¶6-11, and Plaintiff's single cause of action is alleged only against the Bank Defendants. FAC at 3. It thus appears that Plaintiff may have intended to voluntarily dismiss the IQ Defendants by failing to serve them within the time required by Rule 4(m) and dropping them from the FAC. Under Rule 4(m) and Rule 41(a), voluntary dismissals and dismissals for failure to serve are generally without prejudice. Accordingly, the Court will dismiss the IQ Defendants without prejudice.

### V. Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendants' motion to dismiss. The Court dismisses this action with prejudice as to Defendants Wachovia Mortgage, FSB, World Savings Bank, FSB, and Wells Fargo Bank, NA. The Court dismisses the action without prejudice as to Defendants IQ, Ali Mirzaei, and William Chen. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 7, 2011

LUCY H. KOH
United States District Judge